R. Joseph Barton (Cal. Bar No. 212340)
BARTON & DOWNES LLP
1633 Connecticut Avenue NW, Suite 200
Washington DC 20009
Telephone: (202) 734-7046
Email: jbarton@bartondownes.com

Michael J. Scimone (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue
25th Floor
New York, NY 10017
Telephone: (212) 245-1000
mscimone@outtengolden.com

*Attorneys for Plaintiffs and the Proposed Class*
*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| DEVON ANDERSON and BEVERLY L. SWEENEY on behalf of themselves and all others similarly situated, | Case No. 4:20-cv-01149-DMR |
| *Plaintiffs*, | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |
| v. | Date: December 12, 2024 |
| THE CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, and SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY, | Time: 1:00 p.m. Courtroom: 4, 3rd Floor Judge: Donna M. Ryu |
| *Defendants*, | |
| and | |
| SAN FRANCISCO EMPLOYEES' RETIREMENT SYSTEM | |
| *Nominal Defendant* | |

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................ 1

II.  HISTORY AND STATUS OF THE CASE ...................................................... 1

    A.  The Factual Background of the Class Allegations ..................................... 1

    B.  The Claims and Relief Requested ............................................................ 2

III.  THE TERMS OF THE SETTLEMENT .......................................................... 7

IV.  SERVICE AWARDS AND ATTORNEYS' FEES AND COSTS ..................... 8

V.  THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL ..................... 9

    A.  The Settlement Is the Result of Serious, Informed, and Non-Collusive
       Negotiations ......................................................................................... 11

    B.  The Settlement Is Well Within the Range of Possible Approval ............................ 12

    C.  The Settlement Grants No Preferential Treatment to Any Class Members ............ 16

    D.  The Settlement Has No Obvious Deficiencies ........................................ 17

VI.  THE COURT SHOULD APPOINT A SETTLEMENT ADMINISTRATOR AND
     APPROVE THE CLASS NOTICE AND PLAN OF NOTICE. ....................... 18

VII.  THE COURT SHOULD APPOINT THE CLAMS ADJUDICATOR AND APPEALS
     ADJUDICATOR. .......................................................................................... 20

VIII.  THE COURT SHOULD ESTABLISH DATES FOR EFFECTUATING FINAL
      APPROVAL OF THE  SETTLEMENT ........................................................ 20

IX.  CONCLUSION ............................................................................................. 21

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Anderson-Butler v. Charming Charlie Inc.*,
No. 14 CV 1921, 2015 WL 4599420 (E.D. Cal. July 29, 2015) ............................................ 18

5

6

*Bellinghausen v. Tractor Supply Co.*,
306 F.R.D. 245 (N.D. Cal. 2015) .......................................................................................... 20

7

*Bennett v. SimplexGrinnell LP*,
No. 11-CV-01854-JST, 2015 WL 1849543 (N.D. Cal. Apr. 22, 2015) ................................. 14

8

9

*In re Bluetooth Headset Products Liability Litig.*,
654 F.3d 935 (9th Cir. 2011) ........................................................................................ 12, 17

10

*Briseno v. Henderson*,
998 F.3d 1014 (9th Cir. 2021) ............................................................................................. 17

11

12

*Campbell v. Facebook, Inc.*,
951 F.3d 1106 (9th Cir. 2020) ............................................................................................... 9

13

14

*Champagne v. Plannernet, Inc.*,
No. 17-CV-02128-SK, 2019 WL 13254284 (N.D. Cal. Apr. 22, 2019) ................................ 13

15

*Chavez v. Converse, Inc.*,
No. 15-CV-03746, 2020 WL 10575028 (N.D. Cal. Nov. 25, 2020) ...................................... 20

16

17

*Chen v. Chase Bank USA, N.A.*,
No. 19-CV-01082, 2020 WL 264332 (N.D. Cal. Jan. 16, 2020) .......................................... 16

18

19

*Chen v. W. Digital Corp.*,
No. 819CV00909JLSDFM, 2020 WL 13587954 (C.D. Cal. Apr. 3, 2020) .......................... 13

20

*Churchill Village, L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ............................................................................................... 18

21

22

*Clarkson v. Alaska Airlines Inc.*,
No. 2:19-CV-0005-TOR, 2020 WL 4495278 (E.D. Wash. Aug. 4, 2020) ........................... 12

23

24

*Cotter v. Lyft, Inc.*,
No. 13-CV-04065-VC, 2017 WL 1033527 (N.D. Cal. Mar. 16, 2017) ................................. 20

25

*C.R. Educ. & Enf't Ctr. v. Ashford Hosp. Tr.*
No. 15-CV-00216-DMR, 2016 WL 1177950 (N.D. Cal. Mar. 22, 2016) ............................ 19

26

27

*De Leon v. Ricoh USA, Inc.*,
No. 18-CV-03725, 2019 WL 6311379 (N.D. Cal. Nov. 25, 2019)...................... 10, 11, 12, 18

28

*Dickey v. Adv. Micro Devices, Inc.*,
No. 15-CV-04922, 2019 WL 4918366 (N.D. Cal. Oct. 4, 2019)...........................................12

*Does I v. Gap, Inc.*,
No. CV-01-0031, 2002 WL 1000073 (D.N. Mar. Is. May 10, 2002) ....................................12

*Etter v. Allstate Ins. Co.*,
No. C 17-00184, 2018 WL 5761755 (N.D. Cal. May 30, 2018) ....................................10, 11

*Foster v. Advantage Sales & Mktg., LLC.*,
No. 18-CV-07205-LB, 2019 WL 6699793 (N.D. Cal. Dec. 9, 2019).....................................11

*Francisco v. Emeritus Corp.*,
No. 217CV02871, 2019 WL 7856768 (C.D. Cal. Sept. 24, 2019) ........................................20

*Glass v. UBS Fin. Servs., Inc.*,
No. C-06-4068 MMC, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) .....................................16

*Hartless v. Clorox Co.*,
273 F.R.D. 630 (S.D. Cal. 2011)............................................................................................13

*Hesse v. Sprint Corp.*,
598 F.3d 581 (9th Cir. 2010)..................................................................................................15

*Johnson v. Serenity Transp., Inc.*,
No. 15-CV-02004, 2021 WL 3081091 (N.D. Cal. July 21, 2021) .......................10, 12, 16, 17

*Millan v. Cascade Water Servs., Inc.*,
310 F.R.D. 593 (E.D. Cal. 2015)............................................................................................15

*Nen Thio v. Genji, LLC*,
14 F.Supp.3d 1324 (N.D. Cal. 2014) .....................................................................................15

*Noriesta v. Konica Minolta Bus. Sols. U.S.A., Inc.*,
No. EDCV19620, 2020 WL 5044418 (C.D. Cal. May 7, 2020)............................................12

*Philips v. Munchery Inc.*,
No. 19-CV-00469, 2020 WL 6135996 (N.D. Cal. Oct. 19, 2020)...................................13, 16

*Rodriguez v. Farmers Ins. Co. of Ariz.*,
No. CV0906786JGBAJWX, 2013 WL 12109896 (C.D. Cal. Aug. 4, 2013) .......................13

*Scanlan v. Am. Airlines Grp., Inc.*,
567 F.Supp.3d 521 (E.D. Pa. 2021) .......................................................................................12

*Schuchardt v. L. Off. of Rory W. Clark*,
314 F.R.D. 673 (N.D. Cal. 2016) ...........................................................................................19

*In re Syncor ERISA Litig.*,
516 F.3d 1095 (9th Cir. 2008)...........................................................................................9, 10

*Toolajian v. Air Methods Corp.*,
   No. 18-CV-06722, 2020 WL 8674094 (N.D. Cal. Apr. 24, 2020) ........................................ 13

*Urakhchin v. Allianz Asset Mgt. of Am., L.P.*,
   SACV151614, 2018 WL 3000490 (C.D. Cal. Feb. 6, 2018) .................................................. 11

*Vikram v. First Student Mgt., LLC*,
   No. 17-CV-04656-KAW, 2019 WL 1084169 (N.D. Cal. Mar. 7, 2019) .............................. 10

*Walsh v. CorePower Yoga LLC*,
   No. 16-CV-05610, 2017 WL 589199 (N.D. Cal. Feb. 14, 2017)........................................... 12

**Statutes**

Cal. Mil. & Vet. Code §§ 395(a) & 395.01(a) ................................................................................ 2

USERRA § 4302 .............................................................................................................................. 2

USERRA § 4311 .............................................................................................................................. 3

USERRA § 4312 .............................................................................................................................. 2

USERRA § 4313 .............................................................................................................................. 2

USERRA § 4316 .............................................................................................................................. 2

USERRA § 4318 .............................................................................................................................. 2

**Other Authorities**

Fed. R. Civ. P. 16 ............................................................................................................................ 9

Fed. R. Civ. P. 23 .......................................................................................................................... 19

*Manual for Complex Litigation* § 21.632 (4th ed. 2004) ............................................................ 10

William B. Rubenstein, *et al.*, *Newberg on Class Actions* § 13:10 (5th ed. 2013) ...................... 10

1

**INDEX OF EXHIBITS**

2

Declaration of R. Joseph Barton with the following attachments:

3    Exhibit 1:  Settlement Agreement

4    Exhibit 2:  Class Notice

5    Exhibit 3:  Simpluris' Bid for Settlement Administration

6    Exhibit 4:  N.D. Cal.'s Procedural Guidance for Class Action Settlements

7    Exhibit 5:  Justican Mediation Proposal

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on December 12, 2024 at 1:00 p.m., in Courtroom 4, 3rd Floor of the San Francisco Division of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Devon Anderson and Beverly L. Sweeney will move, and hereby do move, the Court to enter an order under Rule 23 of the Federal Rules of Civil Procedure:

1.    Preliminarily approving the Settlement Agreement between Plaintiffs and Defendants as fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure;

2.    Approving the proposed Class Settlement Notice as to form and content and the plan for dissemination of notice to the Class as satisfying the requirements of Rule 23(c)(2) and (e)(1);

3.    Appointing a Settlement Administrator, Claims Adjudicator, and Appeals Adjudicator; and

4.    Setting dates and deadlines under Rule 23(d) and (e) of the Federal Rules of Civil Procedure in order for the Court to evaluate whether the settlement should be given final approval (after distribution of the proposed class notice to the Class and submission of any objections to the settlement, and for a fairness hearing on final approval of the settlement), to evaluate Class Counsel's request for an award of attorneys' fees and reimbursement of costs and expenses and Plaintiffs' request for a service award as follows:

| | |
|---|---|
| Deadline for Settlement Administrator to provide notice to the Class | 21 days after Preliminary Approval Order |
| Deadline for Settlement Administrator to provide declaration regarding Class Notice | 30 days after Notice is sent |
| Deadline for Objections | 60 days after Notice is sent |
| Deadline for Class Counsel to file motion for award of attorneys' fees and costs and for Service Award for Class Representatives | 14 days before deadline for date for objections |
| Deadline for Class Counsel to file | At least 14 days after the deadline for |

| Motion for Final Approval of Settlement | Class Members to file objections) |
|---|---|
| Hearing on motion for final approval of settlement and application for attorneys' fees and costs and service awards | No sooner than 90 days after the Preliminary Approval Order |

This Motion is supported by the accompanying Memorandum of Law, the Declaration of R. Joseph Barton ("Barton Decl."), the Declaration of Michael Scimone ("Scimone Decl.") and the Proposed Order filed herewith, all of the pleadings and documents on file with the Court in this action, and further evidence and argument as may be submitted prior to the Court's decision on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs Devon Anderson and Beverly Sweeney respectfully submit this Memorandum in support of their Motion for Preliminary Approval of the proposed Class Action Settlement with Defendants pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to approve the proposed notice to the Class, and to set various dates related to the approval of the Settlement.

Pursuant to the Settlement, Defendants will make significant programmatic changes to their policies for administering military leave, will pay money and award benefits to Class Members in amounts equivalent to 100% of what Plaintiffs allege they should have received, and will establish a Claims Process to allow Class Members to submit additional claims or resolve disputes based on the City's data before a neutral third party (for which the entire settlement administration will be paid by the City). In exchange, Plaintiffs will dismiss with prejudice their claims asserted in the Complaint against Defendants. The Class Members will only release Defendants from any claims relating to or arising out of the Class Claims to the extent that they receive a monetary payment for that claim. Defendants do not oppose Plaintiffs' Motion. As the Settlement is an excellent result for the Class, it should be preliminarily approved.

## II.    HISTORY AND STATUS OF THE CASE

### A.    The Factual Background of the Class Allegations

Plaintiff Devon Anderson was hired as a Transportation Operations Specialist for the San Francisco Municipal Transportation Agency ("MTA") on approximately August 17, 2015. Compl. ¶ 13. He also is a First Sergeant with 20 years in the Army Reserves. *Id*. Plaintiff Beverly L. Sweeny is a retired captain of the United States Army and a former employee of the City and County of San Francisco and the San Francisco Department of Health (who alleges that the City illegally terminated her and failed to properly reemploy her after a period of miliary leave). *Id*. ¶ 14. While she was employed by the City, Sweeney was a member of and performed active-duty military service for the United States Army Reserves, the California Army National Guard, and the United States Army. *Id*.

1

**B.      The Claims and Relief Requested**

The Complaint alleges nine class counts on behalf of a proposed class of employees of the City and County of San Francisco who took a leave or an absence from their employment with the City to engage in qualified military service from October 10, 2004, to the date that the Court grants preliminary approval of the Settlement.

- Count I alleges that the City maintains a written policy that employees must submit written requests for military leave of greater than five days to the City for approval, and that this policy violates USERRA § 4312 and its implementing regulations. *Id.* ¶¶ 224-31.

- Count II alleges that the City denies vacation and sick leave accrual to employees on unpaid military leave, while providing those benefits to employees who take furlough, jury duty, or union leave, in violation of USERRA § 4316. *Id.* ¶¶ 232-41.

- Count III alleges that the City provides statutorily required pay to employees performing military duty only for days for which they have presented military order—not for time involved in traveling to or returning from duty—in violation of Cal. Mil. & Vet. Code §§ 395(a) & 395.01(a). *Id.* ¶¶ 242-47.

- Count IV alleges that the City imposes a procedure and set of administrative requirements for employees who take military leave to buy back pension credit for time spent on military leave that is different from procedures imposed on other employees, in violation of USERRA § 4318 & 4302(b). *Id.* ¶¶ 248-55.

- Count V alleges the City requires employees returning from military leave, to pay interest on any pension buybacks they make in order to receive pension credit for a period of military leave, in violation of USERRA § 4318. *Id.* ¶¶ 256-61.

- Count VI alleges that the City requires employees on military leave for more than five days to appear in person at the human resources return-to-work unit in person in order to be reemployed, in violation of the "prompt reemployment" provisions of USERRA §§ 4312 and 4313. *Id.* ¶¶ 262-72.

- Count XII alleges the City applies a policy or practice of failing to pay and allocate to the SFERS Pension Plan the full amount of mandatory employee contributions for periods of qualified military leave and thus failing to credit employees with proper years of service credit under the SFERS Pension Plan, in violation of USERRA §§ 4318(a) and (b). *Id*. ¶¶ 306-13.

- Count XIII and Count XIV allege the City failed to provide supplemental pay to employees who took qualified military leave in the amount of the difference between the amount of the individual's gross military pay and the amount of gross pay the individual would have received as a City employee, in violation of USERRA § 4311, *id*. ¶¶ 314-24, and the Supplemental Pay Provision of the City's Annual Salary Ordinances, *id*. ¶¶ 325-30, respectively.

The Complaint seeks, among other relief, (1) declarations that Defendants' policies and practices are unlawful under state and federal law, (2) unpaid wages and benefits to which Plaintiffs and the Class are entitled, (3) liquidated damages, (4) an order requiring Defendants to comply with the law, and (5) attorneys' fees and costs. *Id*. Prayer for Relief ¶¶ A-C, E, J, K.

A.    Procedural History

On February 13, 2020, Plaintiffs filed a class action complaint pursuant to the Uniformed Services Employment and Reemployment Rights Act. ECF No. 1. Shortly after the complaint was filed, the parties discussed pursuing settlement discussions before engaging in further litigation. A stipulation and joint request for an initial stay of litigation was filed on March 6, 2020, requesting referral to a magistrate judge. ECF No. 9. The Court promptly granted the request and referred the case to Magistrate Judge Jacquiline Scott Corley for settlement on March 16, 2020. ECF No. 15.

The parties met with Judge Corley via telephone on April 8, 2020, May 1, 2020 and May 20, 2020 to discuss the prospects of settlement and pre-settlement discovery. ECF No. 17, 21, and 23. The parties and Judge Corley held a pre-settlement telephone conference on June 24, 2020 in which they agreed they would need additional settlement conferences to fully resolve all of the claims. ECF No. 26 ¶ 1(f). At the July 14, 2020 settlement conference, the parties agreed to

exchange drafts of proposed documents to address injunctive relief and a claims process for the class claims, and to provide additional pre-settlement discovery. ECF No. 32 ¶ B(h). At the September 1, 2020 settlement conference, the parties discussed the drafts and additional discovery that were exchanged as well as the potential use of employee samples. Progress was made in identifying an additional process that could assist in assessing some of Plaintiffs' claims and particularly those claims where the relevant data may not be readily available. *Id.* at ¶ B(k).

At the September 16, 2020 settlement conference, the parties agreed on a mechanism to assist in assessing Plaintiffs' claims, the issues they raise, and the scope of those claims. The parties also agreed to a timeline for preparing and exchanging comments on a written proposal regarding that mechanism, exchanging comments on other documents that would be part of a settlement agreement, proposing a process for resolving the more complex claims concerning reemployment positions under USERRA, providing additional leave data that San Francisco can reasonably retrieve, and further exploring use of employee samples. At the October 30, 2020 settlement conference, the parties agreed on a timeline for completing outstanding tasks including finalizing the Court approved Notice and Survey, and providing a demand for some of Plaintiffs' claims. ECF No. 43 ¶ 10.

At the December 1, 2020 settlement conference, the parties continued discussions about the proposed Notice and Survey, the City's requirements for Class Member notice of military leave, damages and the availability of various types of data, and set a check-in with Judge Corley on January 6, 2021. *Id.* at ¶ 11. On December 4, 2020, the parties agreed upon a Notice and Survey to all Putative Class Members, which was granted by the Court. ECF Nos. 39, 40.

Additional settlement conferences were scheduled and held with Judge Corley on February 11, 2021 and April 12, 2021. ECF No. 48 ¶ 7. At the February 11, 2021 settlement conference, the parties discussed survey administration, damages, and a timeline for completing additional tasks. *Id.* at ¶ 10. Then at the April 12, 2021 settlement conference, the parties discussed additional data sources and data analysis, survey responses, damages, and other outstanding items. *Id.* at ¶ 11. Judge Corley also scheduled a further status conference for June 16, 2021. *Id.*

Further settlement conferences were held with Judge Corley on August 4, 2021, August 30, 2021 and October 22, 2021. ECF No. 60 ¶ 7. Between these settlement conferences, the parties exchanged and discussed the parties' proposals to resolve the ten claims brought on behalf of a proposed class of employees who took military leave and proposed documents and addressed questions about the substance of the proposals. *Id.* at ¶ 8. Defendants also made a document production on October 14, 2021 of additional data for a significant part of the class period that Defendants had previously believed was unavailable. *Id.* at ¶ 9. At these settlement conferences, and in between the settlement conferences, the parties further discussed Plaintiffs' demands to resolve the class claims and Defendants' responses to Plaintiffs' demands and/or alternative proposals to resolve those claims. *Id.* at ¶ 10.

During the October 22, 2021 settlement conference, the parties made significant progress on Plaintiff Sweeney's individual claim for the City's alleged failure to reemploy her and termination of her employment, Ms. Sweeney's settlement demand for that claim, and the parties' counteroffers. *Id.* at ¶ 12.

Judge Corley set a further settlement status conference for December 6, 2021, in which a further settlement conference was scheduled for January 21, 2022. ECF No. 64 ¶ 7. Leading up to the January 2022 settlement conference, the parties further exchanged and discussed proposals to resolve the ten claims brought on behalf of the proposed class. *Id.* at ¶ 8. Defendants produced additional data on November 16, 2021 to supplement the previously produced data. *Id.* at ¶ 9. Additionally, Plaintiff Sweeney's counsel exchanged additional information regarding Plaintiff Sweeney's individual claims. *Id.* at ¶ 10. On January 3, 2022, Plaintiffs' counsel sent Defendants' counsel a proposed 19 page agreement in principle to settle the class claims. *Id.* at ¶ 11.

During the January 21, 2022 settlement conference, Defendants expressed essential agreement on the then-outstanding issues regarding the class claims. Defendants also agreed to provide edits and comments for Plaintiffs' proposed agreement to a class settlement in principle by February 18, 2022 and provide additional information and respond to certain remaining

1 outstanding issues necessary to resolve class claims. *Id.* at ¶ 12.[1]

2    With respect to class claims, the parties exchanged further comments and edits on April

3 25, 2022. *Id.* at ¶ 8. A further settlement conference was scheduled for August 8, 2022, where the

4 parties discussed remaining issues related to the draft settlement in principle for the class claims.

5 The parties also discussed Plaintiff Sweeney's individual claims and prepared a draft settlement in

6 principle for those claims. ECF No. 76 ¶¶ 9-11.

7    Judge Corley scheduled a further settlement conference on November 4, 2022 to address

8 attorneys' fees and expenses, however, the parties reported that they resolved all remaining issues

9 as to the settlement in principle regarding the class claims but had not executed the term sheet.

10 ECF No. 79 ¶ 14. As the City advised it would not execute the settlement in principle until after

11 Plaintiff Sweeney's claims were resolved, Judge Corley set an in-person settlement conference for

12 November 16, 2022, to address Plaintiff Sweeney's individual claims. *Id.* at ¶¶ 15-16.

13    Counsel for Plaintiffs Sweeney and Anderson executed the class term sheet on November

14 15, 2022. ECF No. 85 ¶ 6. Sometime between February and March 2023, Counsel for the City also

15 signed the class term sheet resulting in a fully executed term sheet. ECF No. 87 ¶ 6. Plaintiffs'

16 Counsel began drafting a formal class action settlement agreement shortly thereafter. ECF Nos.

17 89, 92. A draft formal written class action settlement agreement was provided to Defendants on

18 August 25, 2023 and Plaintiffs' counsel made a demand for attorneys' fees and expenses on

19 November 17, 2023. ECF No. 94 ¶¶ 9, 11.

20    Another settlement conference was scheduled with Judge Corley on April 23, 2024, where

21 Judge Corley ordered Defendants to provide the following: (a) a counter to Plaintiff's demand

22 regarding attorneys' fees and expenses, (b) drafts of certain exhibits contemplated by the

23 Settlement Agreement, (c) a response regarding service awards to Plaintiffs and (d) a response

24

---

25 [1] Judge Corley set settlement conferences on March 14, 2022 and March 25, 2022 to discuss Plaintiff Sweeney's individual claims and Plaintiff Anderson's individual claims, respectively. *Id.*

26 at ¶ 13. These conferences were later rescheduled to April 25, 2022 for Plaintiff Sweeney and May 9, 2022 for Plaintiff Anderson. ECF No. 70 ¶ 9. While Plaintiff Sweeney and the City did not

27 reach a settlement, they did make significant progress on April 25, 2022. *Id.* at ¶ 10. Plaintiff Anderson and the City did reach a settlement subject to the approval of the San Francisco Board of

28 Supervisors on May 9, 2022. *Id.* at ¶ 11.

1  about matters specific to the terms of Plaintiff Sweeney's individual settlement. ECF Nos. 99, 102.

2  Judge Corley also ordered the parties to meet and confer to attempt to resolve remaining issues on

3  May 21, 2024 and set a further settlement conference on May 28, 2024. ECF No. 102 ¶ 12.

4       At the May 28, 2024 settlement conference, the parties reached an agreement on (a) the

5  amount that Defendants would pay in attorneys' fees and expenses incurred through May 28, 2024

6  (with the amount to resolve class claims being subject to approval by the Court), (b) the amount

7  that Defendants would pay in service awards to the Plaintiffs (which amount will be subject to

8  approval by the Court), and (c) agreement in principle on several exhibits to the Settlement

9  Agreement. ECF No. 107 ¶ 12.

10       Another settlement conference was held on June 21, 2024, in which the parties made

11  additional progress on the exhibits contemplated by the Settlement Agreement, and matters

12  specific to the terms of Plaintiff Sweeney's individual settlement. *Id.* at ¶ 13.

13       A final settlement conference was held with Judge Corley on July 18, 2024. At this

14  conference, the parties reported that they had finalized the form of the Settlement Agreement and

15  all but one of its exhibits, and also the form of the agreement with respect to attorneys fees' and

16  expenses incurred through May 28, 2024. *Id.* at ¶ 14. Additionally, Plaintiff Sweeney and the City

17  reached agreement in principle regarding one outstanding issue relating to her individual recovery

18  as to certain class claims. *Id.* Subsequently, the parties reached agreement on the form of the

19  exhibit to the settlement agreement setting forth a list of Memoranda of Understanding (MOUs)

20  regarding pension contributions that the City must make pursuant to agreements with various

21  unions that represent City employees and the FAQs regarding pension issues covered by the

22  settlement.

23  **III.**    **THE TERMS OF THE SETTLEMENT**

24       The terms of the proposed Settlement are set forth in the Settlement Agreement ("Agmt.").

25  The Settlement Agreement provides for comprehensive changes in the City's military leave

26  procedures that will end the unlawful practices complained of by Counts I, II, III, IV, and V.

27  Agmt. § VI(D)(1), (E)(3), (F)(3), (G)(1). Class Members with monetary claims under Count I will

28

be entitled to submit those claims for evaluation by a neutral claims adjudicator through a Claims Process that will include a hearing, a right to request information from Defendants, and the right to an appeal before a different adjudicator. *Id*. § VI(C). Class Members with monetary claims or claims for benefits under Count II, III, V, XII, XIII and XIV that can be identified using Defendants' data will receive 100% of the benefits to which they ought to have been entitled, without the need to submit a claim form. *Id*. § VI(E)(1), (F)(1), (G)(6), (J)(2), (K)(1). Class Members will be able to use the Claims Process if they dispute Defendants' data after being provided with an accounting of how their entitlements under the Settlement were calculated. *Id*. § VI(E)(2), (F)(2), (G)(4), (J)(3)-(4), (K)(3)-(4). As additional relief for Count IV and V, Class Members will receive the right to purchase service credit for all periods of qualifying military leave during the Class Period and make use of the Claims process to resolve any dispute regarding their entitlement to a buyback. *Id*. § VI(G)(1). Class Members who believe they were not timely reemployed or not reemployed at a proper position or with appropriate pay increases as alleged by Count VI or VII will be able to make use of the Claims Process. *Id*. § VI(H)(1), (I)(1)-(2).

In exchange, Plaintiffs and the Class will dismiss the Class Claims with prejudice and, to the extent that Class members receive a monetary payment for a claim, will release Defendants from any and all claims that the Class asserted or could have asserted that relate to or arise out of the facts alleged or the claims set forth in the Class Claims. Agmt. § IX(A). The Settlement Agreement does not resolve the claims of Plaintiff and the Class for statutory attorneys' fees. *Id*. § XII(A)(10).

## IV.    SERVICE AWARDS AND ATTORNEYS' FEES AND COSTS

Pursuant to the District's Procedural Guidance for Class Action Settlements for preliminary approval, Class Counsel provides the information below regarding their future requests for attorneys' fees and costs and service awards. The Settlement Agreement does not generate a common fund from which Class Counsel might seek their fees, and does not resolve the claims of Plaintiffs for statutory attorneys' fees; however, at the May 28, 2024 settlement conference, the parties reached an agreement on the amount that Defendants would pay in

attorneys' fees and expenses incurred through May 28, 2024 (with the amount to resolve class claims being subject to approval by the Court). Barton Decl. ¶ 4. While a written agreement has not yet been executed – as it depended on finalizing the Class Action Settlement Agreement – the Parties reached agreement on the form of the written agreement that they expect to execute shortly. *Id.* That agreement does not resolve claims for attorneys' fees and expenses incurred after May 28, 2024 and Plaintiff's Counsel will seek attorneys' fees and expenses incurred after that date (subject to any subsequent agreement reached as to those attorneys' fees and expenses). *Id.*

Class Counsel anticipates filing a motion for an award of statutory attorneys' fees prior to final approval. As of November 4, 2024, Class Counsel has spent 1,577.80 hours litigating this action, resulting in fees in the amount of $1,168,708.50 through at least October 31, 2024. Barton Decl. ¶ 2-3; ECF No. 117-4 ("Scimone Decl.") ¶ 11. Class Counsel has also incurred approximately $21,331.62 in expenses through October 31, 2024. Barton Decl. ¶ 2-3; Scimone Decl. ¶ 12.

Each of the two Class Representatives has been actively engaged in the litigation since its inception and participated in nearly all of the settlement conferences with Judge Corley and difficult negotiations with the City over a period of nearly four years. ECF No. 117-6 ("Sweeney Decl.") ¶ 7, 11-12; ECF No. 117-5 ("Anderson Decl.") ¶ 10-17. They have deferred resolution of their individual claims in order to obtain relief for the Class. As a result, Plaintiffs intend to seek a service award of $15,000 to each of the two Class Representatives. Subject to approval by the Court, the City has agreed to pay those amounts separately and they will not decrease any amount received by the Class.  Plaintiffs will address the propriety of these requests in their motion for fees, costs, and service award.

## V.    THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL

"[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig*., 516 F.3d 1095, 1101 (9th Cir. 2008); *Campbell v. Facebook, Inc*., 951 F.3d 1106, 1121 (9th Cir. 2020) (recognizing same policy). This policy is also evident in the Federal Rules of Civil Procedure and the Local Rules of

1    this District. *See In re Syncor ERISA Litig.*, 516 F.3d at 1101 (citing Fed. R. Civ. R. 16(a)(5));

2    Fed. R. Civ. P. 16(a)(5) (one of the purposes of a pretrial conference is "facilitating settlement");

3    L.R. 16-8(a) ("At any time after an action has been filed, the Court on its own initiative or at the

4    request of one or more parties may refer the case to one of the Court's ADR programs."). To

5    protect the interests of the class, Federal Rule of Civil Procedure 23(e) provides that a class action

6    cannot be settled without court approval. Fed. R. Civ. P. 23(e). Approval under Rule 23(e)

7    involves "a two-step process": "First, the Court decides whether the class action settlement

8    deserves preliminary approval. Second, after notice is given to class members, the Court

9    determines whether final approval is warranted." *Vikram v. First Student Mgt., LLC*, No. 17-CV-

10    04656-KAW, 2019 WL 1084169, at *3 (N.D. Cal. Mar. 7, 2019).

11       The request for preliminary approval only requires an "initial evaluation" of the fairness of

12    the proposed settlement. *Manual for Complex Litigation* § 21.632 (4th ed. 2004). The purpose of

13    preliminary approval is to determine "whether to direct notice of the proposed settlement to the

14    class, invite the class's reaction, and schedule a fairness hearing." William B. Rubenstein, *et al*.,

15    *Newberg on Class Actions* § 13:10 (5th ed. 2013). As approval is only preliminary, courts

16    generally undertake a limited review of the proposed settlement. *Id.* Courts conduct the ultimate

17    assessment of whether a proposed settlement is fair, adequate, and reasonable pursuant to the

18    factors of Rule 23(e)(2) at final approval because "[t]he Court cannot . . . fully assess such factors

19    until the final approval hearing." *De Leon v. Ricoh USA, Inc.*, No. 18-CV-03725, 2019 WL

20    6311379, at *10 (N.D. Cal. Nov. 25, 2019). "At the preliminary approval stage, 'the settlement

21    need only be potentially fair.'" *Johnson v. Serenity Transp., Inc*., No. 15-CV-02004, 2021 WL

22    3081091, at *4 (N.D. Cal. July 21, 2021) (citation omitted). "Preliminary approval is thus

23    appropriate where 'the proposed settlement appears to be the product of serious, informed, non-

24    collusive negotiations, has no obvious deficiencies, does not improperly grant preferential

25    treatment to class representatives or segments of the class, and falls within the range of possible

26    approval.'" *Id*. (citation omitted); *Etter v. Allstate Ins. Co*., No. C 17-00184, 2018 WL 5761755, at

27    *1 (N.D. Cal. May 30, 2018) (stating same). Here, the proposed Settlement readily satisfies the

28

requirements for preliminary approval.

A.    **The Settlement Is the Result of Serious, Informed, and Non-Collusive Negotiations**

"To approve a proposed settlement, a court must be satisfied that the parties 'have engaged in sufficient investigation of the facts to enable the court to intelligently make . . . an appraisal of the settlement.'" *De Leon*, 2019 WL 6311379, at *10 (citation omitted). Here, this case resolved following the exchange of pre-settlement data and discovery between the parties. Because some information needed to fully value and resolve the claims of the Class were not readily available from records maintained by the City and its constituent departments, on December 4, 2020, the Parties stipulated to a process which would provide notice to the putative Class of this litigation and request that they return a survey seeking information from putative Class Members relevant to their claims. ECF No. 39. The parties used the data obtained through that survey process to inform their negotiations.

The fact that a settlement was reached after one or more settlement conferences with a Magistrate Judge further evidences the non-collusive nature of the negotiations. *See Foster v. Advantage Sales & Mktg., LLC.*, No. 18-CV-07205-LB, 2019 WL 6699793, at *6 (N.D. Cal. Dec. 9, 2019) (finding the factor met where the settlement "was reached after a settlement conference with Judge Westmore"); *Etter*, 2018 WL 5761755, at *3 (granting preliminary approval where the proposed settlement agreement resulted from "extensive mediation efforts supervised by Magistrate Judge Jacqueline Corley, including two in-person settlement conferences and subsequent deliberations"). Here, there were at least 25 settlement conferences assisted by Judge Corley over a period of several years. That these protracted and hard-fought negotiations were supervised by a then Magistrate and now a United States District Judge show that there was no collusion here.

"'The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.'" *Urakhchin v. Allianz Asset Mgt. of Am., L.P.*, SACV151614, 2018 WL 3000490, at *5 (C.D. Cal. Feb. 6, 2018) (quoting *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1043

1  (N.D. Cal. 2008) and granting preliminary approval). This presumption is especially warranted

2  based on the opinion of "experienced plaintiffs' advocates and class action lawyers." *Does I v.*

3  *Gap, Inc.*, No. CV-01-0031, 2002 WL 1000073, at *13 (D.N. Mar. Is. May 10, 2002); *Walsh v.*

4  *CorePower Yoga LLC*, No. 16-CV-05610, 2017 WL 589199, at *10 (N.D. Cal. Feb. 14, 2017)

5  (holding that settlements that are "the result of arms'-length negotiations among experienced

6  counsel" weigh in favor of preliminary approval). Courts have recognized the extensive

7  experience of Plaintiffs' counsel in USERRA class actions. *Scanlan v. Am. Airlines Grp., Inc.*, 567

8  F.Supp.3d 521, 532 (E.D. Pa. 2021), *amended,* No. CV 18-4040, 2022 WL 1028038 (E.D. Pa.

9  Apr. 6, 2022); *Clarkson v. Alaska Airlines Inc.*, No. 2:19-CV-0005-TOR, 2020 WL 4495278, at

10  *5 (E.D. Wash. Aug. 4, 2020). As such, Class Counsel's endorsement of the Settlement

11  Agreement favors preliminary approval.

12       In short, the parties entered into the Settlement Agreement after (a) Plaintiffs' counsel

13  obtained a full understanding of the legal and factual issues surrounding the case and (b) the

14  parties had engaged in extensive arms-length negotiations involving informed and experienced

15  counsel and facilitated by a neutral judge. Accordingly, the Settlement Agreement is the product

16  of serious, informed, non-collusive negotiations.

17       **B.**    **The Settlement Is Well Within the Range of Possible Approval**

18       "In determining whether the settlement agreement 'falls within the range of possible

19  approval,' the Court must focus on 'substantive fairness and adequacy' and consider Plaintiffs'

20  'expected recovery balanced against the value of the settlement offer.'" *Johnson*, 2021 WL

21  3081091, at *5 (quoting *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1080 (N.D. Cal.

22  2007)); *Dickey v. Adv. Micro Devices, Inc.*, No. 15-CV-04922, 2019 WL 4918366, at *5 (N.D.

23  Cal. Oct. 4, 2019) (stating same). While the Court's ultimate assessment at final approval of

24  whether the proposed settlement is fair, reasonable, and adequate depends upon the factors set

25  forth in Rule 23(e)(2) and *In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935 (9th Cir.

26  2011), in order to determine whether preliminary approval is appropriate, "the settlement need

27  only be potentially fair." *De Leon*, 2019 WL 6311379, at *10; *Noriesta v. Konica Minolta Bus.*

28

*Sols. U.S.A., Inc.*, No. EDCV19620, 2020 WL 5044418, at *6 (C.D. Cal. May 7, 2020) ("the court need only decide whether the settlement is potentially fair . . . in light of the strong judicial policy in favor of settlement of class actions"). "It is well-settled law that a proposed settlement may be acceptable even though it amounts only to a fraction of the potential recovery that might be available to class members at trial." *Toolajian v. Air Methods Corp.*, No. 18-CV-06722, 2020 WL 8674094, at *10 (N.D. Cal. Apr. 24, 2020); *Philips v. Munchery Inc.*, No. 19-CV-00469, 2020 WL 6135996, at *8 (N.D. Cal. Oct. 19, 2020) (stating same).

Here, the Settlement Agreement provides for relief in the form of a monetary payment, back pay, leave accrual, or pension credit, and where the City's data is sufficient to establish their entitlement to that relief, Class Members will receive 100% of the money or benefit they were denied. Agmt. § VI(E)(1), (F)(1), (G)(6), (J)(2), (K)(1). Where that data is insufficient or the Class Member disagrees with the City's data, the Class Member will be able to submit documentation to a neutral, third-party claims adjudicator who will be empowered to render a binding determination of their claim, potentially at the full amount of their base damages. Agmt. § (C)(4). This represents an outstanding result for the Class. It will effectively provide all Class Members entitled to monetary relief or benefits with the maximum relief they would likely have been able to recover at trial (except for the potential of liquidated damages assuming the City's violations were found to be willful). *Champagne v. Plannernet, Inc.*, No. 17-CV-02128-SK, 2019 WL 13254284, at *10 (N.D. Cal. Apr. 22, 2019) (holding recovery of 100% of damages other than punitives reasonable because of the "high bar of proving scienter to establish entitlement to punitive damages"); *Rodriguez v. Farmers Ins. Co. of Ariz.*, No. CV0906786JGBAJWX, 2013 WL 12109896, at *5 (C.D. Cal. Aug. 4, 2013) (recovery of 100% of claimed damages favored approval); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 640-641 (S.D. Cal. 2011) (approving settlement where claimants received "100 percent" of their claimed damages because "[t]his relief is greater than most individuals would have received if they had litigated their own case" and "relieves the burden" of proving such a case for a "modest recovery"). It compares very favorably with the results in other employment class actions in this Circuit. *E.g. Chen v. W. Digital Corp.*, No. 819-CV-00909-

1    JLSDFM, 2020 WL 13587954, at *11 (C.D. Cal. Apr. 3, 2020) (preliminarily approving

2    settlement that was 10.8% to 15.9% of maximum damages in employment case); *Bennett v.*

3    *SimplexGrinnell LP*, No. 11-CV-01854-JST, 2015 WL 1849543, at *7 (N.D. Cal. Apr. 22, 2015)

4    (preliminarily approving settlement that was 30% of maximum damages in wage and hour case).

5    Comparable cases are set forth in the accompanying chart in accordance with this District's

6    Procedural Guidance for Class Action Settlements. Barton Decl. Ex. 4. This case differs from

7    most settlements of similar military leave class claims in that, rather than paying a lump sum to

8    the Class, Defendants have agreed to pay Class Members 100% of their compensatory damages,

9    either based on their own data or by allowing Class Members to submit supporting information

10    through the Claims Process. As all costs of settlement administration – including the expenses of

11    the Settlement Administrator and the Claims Adjudicator – will be paid by the City, those

12    expenses will not reduce the amount received by the Class.  Additionally, the amount paid in

13    attorneys' fees and expenses to Class Counsel and any amounts awarded as service awards will be

14    separately paid by the City and will not reduce the amount available to Class Members. Providing

15    Class Members with essentially complete relief for their injuries – without any reduction for

16    attorneys' fees, expenses, service awards or settlement administration -- is an excellent result that

17    compares favorably to other class action settlements generally and USERRA settlements

18    specifically, which typically achieve only a fraction of that outcome. Barton Decl. Ex. 4.

19    While the Settlement includes a Claims Process, Plaintiffs' counsel has negotiated

20    arrangements that will prevent this from being a "claims made" settlement wherever possible.

21    Class Members with claims under Counts II, III, V, XII, XIII and XIV who can be identified using

22    Defendants' data will receive a payment or additional benefits without the need to take any action

23    (though they will receive an accounting of their award under the settlement and will have an

24    opportunity to challenge it through the Claims Process). *Id*. § VI(E)(1), (F)(1), (G)(6), (J)(2),

25    (K)(1). All Class members will be afforded an opportunity to buy back pension credit for periods

26    of military leave as relief for Counts IV and V, without paying interest. *Id*. § VI(G)(1). Because

27    the City lacks data sufficient to determine who has claims under Counts I, VI, and VII, those Class

28

Members will need to submit claims with documentation to be entitled to benefits under the Settlement. *Id*. § VI(D)(5), (H)(1), I(1)-(2). Where possible, Class Members will receive payments without the need to take action based on data held by the City, with the Claims Process reserved only for those claims where that data is insufficient to identify Class Members with claims or where Class Members disagree with the City's data or its accounting for the value of their claim. *See Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 609 (E.D. Cal. 2015) (disapproving claims process where "Defendant has all of the information necessary to process claims to the class members" but approving it as to claims where it "does serve a purpose").

The Settlement also provides important non-monetary relief. In addition to Defendants paying for all costs of the administration of the Settlement and the Claims Process, the City will make prospective changes to its policies and procedures to bring them into compliance with the law. The unlawful practices complained of by Counts I, II, III, IV, and V will end. Agmt. § VI(D)(3), (E)(3), (F)(3), (G)(1). The City will circulate information to employees informing them of their legal rights regarding military leave and the City's revised policies in forms agreed with Plaintiffs' counsel. *Id*. VI(D)(1), (G)(1).

The scope of the releases in a proposed settlement is acceptable where the claims released are limited to those based upon the facts set forth in the complaint. *Nen Thio v. Genji, LLC*, 14 F.Supp.3d 1324, 1332 (N.D. Cal. 2014); *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) ("A settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class action, but only where the released claim is based on the identical factual predicate as that underlying the claims in the settled class action"). Here, the Settlement only releases claims relating to or arising out of facts alleged or claims set forth in the Class Claims. Agmt. § XII. The release in this case is also substantially narrower than that given by class members in many other employment class actions: *only* Class Members who receive a monetary payment or additional benefits or who submit to the claims process will give releases of their claims under Counts I, II, III, IV, V, VI, VII, XII, XIII, or XIV will be deemed to have released claims. *Id*. That is, a Class Member who

does not receive a monetary payment, does not submit a claim, but only *later* realizes that they have a claim will not have released that claim and will not be precluded from bringing suit. This term of the Settlement is not only unusual but is extraordinarily favorable to the Class and eliminates any concern regarding the number of Class Members who participate in the claims process, because if a Class Member fails to participate in the process they will not have lost their potential claim due to the release.

To Class Counsel's knowledge there are no other cases that will be affected by the settlement. Barton Decl. ¶ 5.

**C.    The Settlement Grants No Preferential Treatment to Any Class Members**

In determining whether preliminary approval is appropriate, the Court "must next examine whether the Settlement Agreement 'provides preferential treatment to any class member.'" *Philips*, 2020 WL 6135996, at *7 (quoting *Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261, 2012 WL 5878390, at *7 (N.D. Cal. Nov. 21, 2012)). The Settlement does not unduly favor the Class Representatives or segments of the Class. The Settlement Agreement treats all members of the Class the same with respect to the manner in which their additional benefits or monetary relief will be calculated. In each case, it will be based on each Class Member's underlying claim as established reflected either in data maintained by the City or documentation submitted by the Class Member.

Class Counsel will request a service award of $15,000 to each Class Representative. "Incentive awards are fairly typical in class action cases." *Chen v. Chase Bank USA, N.A.*, No. 19-CV-01082, 2020 WL 264332, at *7 (N.D. Cal. Jan. 16, 2020) (citing *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009)). "Their purpose is to 'compensate class representatives for work done on behalf of the class, and to make up for financial or reputational risk undertaken in bringing the action.'" *Johnson*, 2021 WL 3081091, at *4. The service awards proposed for the Class Representatives are lower than those awarded in other cases in this Circuit and appropriate given the time invested by Plaintiffs in the hard-fought and protracted settlement negotiations that led to the resolution of this case. *Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 WL

221862, at *17 (N.D. Cal. Jan. 26, 2007) (approving $25,000 service awards), *aff'd*, 331 F. App'x 452 (9th Cir. 2009). Accordingly, the Settlement does not provide preferential treatment to the named Plaintiffs or any Class Member.

### D.    The Settlement Has No Obvious Deficiencies

The final factor the Court must consider is "whether there are obvious deficiencies in the Settlement Agreement." *Philips*, 2020 WL 6135996, at *7. "Obvious deficiencies can include collusive negotiation, 'unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys.'" *Johnson*, 2021 WL 3081091, at *4 (quoting *Harris v. Vector Mktg. Corp.*, No. C-08-5198, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011)). The Ninth Circuit has advised courts to be concerned (a) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded"; (b) "when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds, which carries 'the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class'"; and (c) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *In re Bluetooth*, 654 F.3d at 947; *see Briseno v. Henderson*, 998 F.3d 1014, 1023 (9th Cir. 2021). Such signs do not necessarily mean that a settlement is improper, but only that it is supported by an explanation of why the fee is justified and does not betray the class's interests. *In re Bluetooth*, 654 F.3d at 949.

Plaintiffs and Defendants have reached agreement on a settlement of attorneys' fees and for the Class Claims incurred by Class Counsel through May 28, 2024, in the amount of $608,940.00 plus up to $21,913.30 in expenses related to the Class Claims. This is less than Class Counsel's lodestar over the same period.  Barton Decl. ¶ 4. In conjunction with final approval, Class Counsel will file a motion for attorney's fees and litigation expenses explaining why the requested amounts are reasonable and justified in light of the circumstances of the case, including the attorneys' lodestar. *See Johnson*, 2021 WL 3081091, at *3 (granting preliminary approval

1    where the plaintiff was not requesting fees or a service award but requiring class counsel to

2    articulate attorney's fees and service payment requests in separate application). At this stage, the

3    question is merely whether the agreement is preliminarily fair. The specific amounts of attorney's

4    fees and any class representative incentive award can be reserved on this preliminary approval

5    motion to the final approval hearing and the discretion of the Court. *See Anderson-Butler v.*

6    *Charming Charlie Inc.*, No. 14 CV 1921, 2015 WL 4599420, at *11 (E.D. Cal. July 29, 2015)

7    (preliminarily approving settlement and declining to "evaluate the fee award at length" in

8    "considering whether the settlement is adequate," because "[i]f the court, in ruling on the fees

9    motion, finds that the amount of the settlement warrants a fee award at a rate lower than what

10   plaintiff's counsel requested" the court has the power to reduce the award accordingly).

**VI.    THE COURT SHOULD APPOINT A SETTLEMENT ADMINISTRATOR AND**
11

**APPROVE THE CLASS NOTICE AND PLAN OF NOTICE.**
12

13           Once the parties obtain preliminary approval of the settlement, Rule 23(e) requires the

14   Court to direct notice in a reasonable manner to all Class Members who would be bound by the

15   settlement. A proper notice should describe "(i) the nature of the action; (ii) the definition of the

16   class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an

17   appearance through an attorney if the member so desires; (v) that the court will exclude from the

18   class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and

19   (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P.

20   23(c)(2)(B); *see* Manual for Complex Litigation, *supra*, § 21.312. "Notice is satisfactory if it

21   'generally describes the terms of the settlement in sufficient detail to alert those with adverse

22   viewpoints to investigate and to come forward and be heard.'" *Churchill Village, L.L.C. v. Gen.*

23   *Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). In addition to the requirements of Rule 23(c), this

24   District's procedural guidelines for notice requires information such as class counsel's contact

25   information, the address for the class settlement website, and instructions on how to access the

26   case docket. *See* Procedural Guidance for Class Action Settlements, *available at*

27   https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/; *De Leon*, 2019

28

1  WL 6311379, at *13 (approving notice containing this information in addition to that required by

2  Rule 23(c)). Here, the proposed notice to the Class provides information on all of these subjects

3  and informs Class Members about their rights under the Settlement as well as their right to be

4  heard at the final fairness hearing. *See* Barton Decl. Ex. 2.

5        Here, the members of the Class will receive notice by email, where Defendants have

6  reliable email addresses, or otherwise by U.S. Mail. Agmt. § III.C. Courts of this District have

7  approved similar plans of notice. *Cotter v. Lyft, Inc.,* No. 13-CV-04065-VC, 2017 WL 1033527, at

8  *5 (N.D. Cal. Mar. 16, 2017) (holding notice adequate where it was first disseminated by email

9  where possible and then by first class mail where class member lacked email address), *aff'd sub*

10 *nom. Cotter v. Page*, No. 17-15648, 2017 WL 4535961 (9th Cir. Sept. 15, 2017); *C.R. Educ. &*

11 *Enf't Ctr. v. Ashford Hosp. Tr.*, Inc., No. 15-CV-00216-DMR, 2016 WL 1177950, at *3 (N.D. Cal.

12 Mar. 22, 2016) (same). The Settlement Administrator will post the Class Notice and relevant

13 forms to a dedicated website. Agmt. § III.C. The proposed procedures satisfy due process, meet

14 the requirements of Rule 23, and should be approved.

15       Class Counsel has solicited bids for class notice and administration services through a

16 competitive process. Class Counsel solicited responses to a request for proposals from ten

17 professional settlement administrators, of which seven submitted bids. Barton Decl. ¶ 6. Following

18 analysis of the bids, Class Counsel (with the City's consent) proposes that the Court appoint

19 Simpluris, which submitted the lowest bid, as Settlement Administrator. *See* Barton Decl. ¶ 8 &

20 Ex. 3. Defendants have agreed to pay for all costs for settlement administration. Agmt. § V.C; *see*

21 *Schuchardt v. L. Off. of Rory W. Clark*, 314 F.R.D. 673, 691 (N.D. Cal. 2016) (finding the

22 settlement administrative costs reasonable and appropriate where the defendants were responsible

23 for paying those costs and they "do not come from a common fund with the Class Members'

24 recovery"). Class Counsel have previously used the notice and settlement administration services

25 of Simpluris in other actions in the past two years. Barton Decl. ¶ 7. In its response to Class

26 Counsel's solicitation, Simpluris estimated the administrative costs to be approximately $9,300.

27 Barton Decl. ¶ 8. This amount is within the range of those that courts have approved in this

28

District. *E.g., Chavez v. Converse, Inc*., No. 15-CV-03746, 2020 WL 10575028, at *7 (N.D. Cal. Nov. 25, 2020) (approving settlement administration costs of $25,000.00 as fair and reasonable in $1,875,000 settlement); *Bellinghausen v. Tractor Supply Co*., 306 F.R.D. 245, 251 & 266 (N.D. Cal. 2015) (approving settlement administration costs of $16,500 in $1 million settlement); *Francisco v. Emeritus Corp*., No. 217CV02871, 2019 WL 7856768, at **2, 8 (C.D. Cal. Sept. 24, 2019) (approving settlement administration costs of $21,552 as reasonable in $250,000 settlement).

Pursuant to the Settlement Agreement, Defendants will prepare and provide, at their own expense, notice pursuant to the Class Action Fairness Act of 2005 ("CAFA"), including notices to the United States Department of Justice and Department of Labor and to the Attorneys General of all states in which the Class Members reside within 10 days of the execution of the Settlement Agreement. Agmt. § VIII.

## VII.    THE COURT SHOULD APPOINT THE CLAMS ADJUDICATOR AND APPEALS ADJUDICATOR.

The Settlement provides that to the extent that Defendants' data is insufficient to identify Class Members with claims or Class Members dispute the data on which their relief under the Settlement is based, Class Members will be entitled to file claims through a Claims Process. *See* Agmt. § VI.C. The parties propose that the Court appoint Justican Mediation as Claims Adjudicator, which has agreed to perform these responsibilities at a rate of $450 per hour to be paid by the City. Barton Decl. Ex. 5; Agmt. § VI.B. Justican's Mediation's principals have decades of experience in the benefits field in private and government practice and the parties agree they would be suited to this role. *See* Barton Decl. Ex. 5. Judge Corley has agreed to serve as Appeals Adjudicator and the parties propose that the Court appoint her to do so.

## VIII.    THE COURT SHOULD ESTABLISH DATES FOR EFFECTUATING FINAL APPROVAL OF THE SETTLEMENT

In order to effect notice, fix a date for the final approval hearing, and provide a deadline for the submission of objections, Plaintiffs request that the Court establish the dates set forth in

1  Plaintiffs' motion.

2  **IX.    CONCLUSION**

3          For the forgoing reasons, the Court should grant Plaintiffs' motion to preliminarily approve

4  the proposed Settlement, approve the proposed Class notice, authorize its distribution to the Class,

5  and set dates outlined above.

6  Dated: November 20, 2024                      Respectfully submitted,

7

8                                        _/s/ R. Joseph Barton_____
                                         R. Joseph Barton (Cal. Bar No. 212340)
9                                        BARTON & DOWNES LLP
                                         1633 Connecticut Ave. Suite 200
10                                       Washington, DC 20009
                                         Tel: (202) 734-7046
11                                       Email: jbarton@bartondownes.com

12                                       *Attorneys for Plaintiff Sweeney*

13                                       _/s/ Michael Scimone_____
14                                       Michael J. Scimone (admitted *pro hac vice*)
                                         OUTTEN & GOLDEN LLP
15                                       685 Third Avenue
                                         25th Floor
16                                       New York, NY 10017
                                         Tel: (212) 245-1000
17                                       Email: mscimone@outtengolden.com

18
                                         Jahan C. Sagafi (Cal. Bar No. 224887)
19                                       OUTTEN & GOLDEN LLP
                                         One California Street, 12th Floor
20                                       San Francisco, California 94111
                                         Telephone: (415) 638-8800
21                                       Facsimile: (415) 638-8810
22                                       Email: jsagafi@outtengolden.com

23                                       *Attorneys for Plaintiff Anderson*

24

25

26

27

28