# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

DEVON ANDERSON and BEVERLY L. SWEENEY on behalf of themselves and all others similarly situated,

*Plaintiffs*,

v.

THE CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, and SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY,

*Defendants*,

and

SAN FRANCISCO EMPLOYEES' RETIREMENT SYSTEM,

*Nominal Defendant*

Case No. 4:20-cv-01149-ASK

**FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. RULE 54(b) ONLY AS TO COUNTS I, II, III, IV, V, VI, VII, XII, XIII and XIV OF THE COMPLAINT**

Complaint Filed: February 13, 2020
Trial Date: None Set
Judge: Hon. Ajay Krishnan

FINAL JUDGMENT
CASE NO. 4:20-cv-01149

Pursuant to the Court's order, Dkt. No. 178, granting Plaintiffs' Motion for Final Approval of Class Action Settlement, Dkt. No. 166, Final Judgment on Counts I, II, III, IV, V, VI, VII, XII, XIII and XIV is hereby entered as follows:

1.      Consistent with the requirements of Rule 23(c), judgment is entered on behalf of the Class and Subclasses with respect to Counts I, II, III, IV, V, VI, VII, XII, XIII and XIV (the "Class Claims"), which was defined and finally certified as follows:

a.      Counts I, II, III, VI, and VII of the Complaint are certified pursuant to Rules23(a) and (b)(3) on behalf of the Class defined as follows: "All current and former employees of the City and County of San Francisco who took a leave or an absence from their employment with the City to engage in qualified military service during the Settlement Class Period (i.e. October 10, 2024 to June 18, 2025)."

b.      Count IV of the Complaint is certified pursuant to Rules 23(a) and (b)(2) on behalf of a "Pension Subclass," which is defined as follows: "All members of the Class who (a) took a leave or absence from their employment with the City to engage in qualified military service during the Settlement Class Period while they were members of the San Francisco Employees' Retirement System Pension Plan, and (b) requested reemployment by the City after the period of military leave."

c.      Count V of the Complaint is certified pursuant to Rules 23(a) and (b)(2) on behalf of an "Pension Interest Subclass," which is a subclass of the Pension Subclass, and is defined as follows: "All members of the Pension Class who purchased service credit for a period of military service."

d.      Count XII of the Complaint is certified pursuant to Rules 23(a) and (b)(3)on behalf of a "Pension Pickup Subclass," which is a subclass of the Pension Subclass, and is defined as follows: "All members of the Pension Subclass who, under the Memorandum of Understanding between their union and the City that applied during the period of military leave, were entitled to have the City 'pick-up' all or part of the employee contribution to

FINAL JUDGMENT
CASE NO. 4:20-cv-01149                    1

the San Francisco Employees' Retirement System Pension Plan on behalf of the employee."

e.    Counts XIII and XIV of the Complaint are certified pursuant to Rules 23(a)and (b)(3) on behalf of a "Long-Term Leave Subclass," which is defined as follows: "All current and former City employees who took leave or absence for a period greater than 30 days from their employment at the City to engage in qualified active-duty military service pursuant to the Annual Salary Ordinance during the Settlement Class Period."

2.    The Court has jurisdiction over the subject matter of the Class Action Settlement Agreement with respect to and over all the parties to the Class Action Settlement Agreement, including members of the Class and to dismiss the Class Claims alleged in the Complaint with prejudice.

3.    Plaintiffs, Class Counsel, and Defendants are hereby directed to implement and consummate the Class Action Settlement Agreement according to its terms and provisions, subject to the Final Approval Order, as the Court has determined the Class Action Settlement Agreement to be fair, reasonable and adequate.

4.    As the Court determined that there was no just reason for delay to enter judgment on the Class Claims, although Plaintiffs' individual claims in Counts VII, IX, XI, XV, XVI, XVIII, XIX remain pending and judgment is not entered as to those claims, judgment is hereby entered under Fed. R. Civ. P. Rule 54(b) only as to the Class Claims (i.e. Counts I, II, III, IV, V, VI, VII, XII, XIII and XIV).

5.    Without affecting the finality of judgment in any way, this Court expressly retains exclusive jurisdiction as to all matters relating to (a) enforcement, interpretation and implementation of the Class Action Settlement Agreements; (b) distribution of the Settlement payments to the Class; (c) disputes about the payment of and division of or claims for additional attorneys' fees, reimbursement of expenses to Plaintiffs' counsel and payment of the class representative service awards; (d) enforcement and administration of the Class Action Settlement Agreement, including the non-monetary terms (i.e. the prospective relief), including the Claims

FINAL JUDGMENT
CASE NO. 4:20-cv-01149                    2

Process and administration of the Class Action Settlement; and (e) enforcement of any order of this Court.

**IT IS SO ORDERED.**

Dated: February 20, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge

FINAL JUDGMENT
CASE NO. 4:20-cv-01149                    3