R. Joseph Barton (Cal. Bar No. 212340)
THE BARTON FIRM LLP
1633 Connecticut Avenue NW, Suite 200
Washington DC 20009
Telephone: (202) 734-7046
Email: jbarton@thebartonfirm.com

Attorney for Plaintiff Sweeney

DAVID CHIU, State Bar #189542
City Attorney
CECILIA A. MANGOBA, State Bar #169007
Chief Labor Attorney
MATTHEW K. YAN, State Bar #257918
JONATHAN C. ROLNICK, State Bar # 151814
Deputy City Attorneys
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3959
Telephone: (415) 554-4208
E-Mail: matthew.yan@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, and SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEVON ANDERSON and BEVERLY L. SWEENEY on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

THE CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, and SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY,

Defendants.

and

SAN FRANCISCO EMPLOYEE RETIREMENT SYSTEM,

Nominal Defendant.

Case No. 4:20-cv-01149-ASK

**JOINT STATUS REPORT BY PLAINTIFF BEVERLY SWEENEY AND THE CITY AND COUNTY OF SAN FRANCISCO**

Pursuant to the Court's Order (ECF No. 217), Plaintiff Beverly Sweeney and the City and County of San Francisco (the "City") submit this status report.

1. As previously reported, on July 10, 2026, Plaintiff Sweeney and the City reached a tentative settlement of her individual claims against the City during the Settlement Conference held with Magistrate Judge Peter H. Kang at the U.S. District Court in San Francisco. The parties reached agreement on all substantive terms of settlement and agreed upon the form of a settlement agreement which was signed by Plaintiff Sweeney, by Plaintiff Sweeney's counsel as to form and by the City's counsel as to form at the conclusion of the mandatory settlement conference (MSC) on July 10, 2026.

**Plaintiff's Statement**

2. In the stipulation filed on July 14, 2026, the City stated that "settlement agreement must be reviewed by the City's Chief Labor Attorney—which is presently underway—after which it must be signed by the Director of Public Health." ECF No. 216 ¶ C. The City also stated that it expected "the City's Chief Labor Attorney to complete review of the settlement agreement by July 17, 2026 and, if approved, will be signed by the Director by July 24, 2026." *Id* ¶ D.

3. The City has not signed the settlement agreement.

4. Instead on August 10, 2026 at approximately 5:44pm PT/8:44pm ET, the City sent proposed edits to the settlement agreement to Plaintiff Sweeney's counsel. This was the first time that the City sent edits to the settlement agreement since the July 10, 2026 settlement conference. Plaintiff's counsel has not had an opportunity to discuss these edits with counsel for the City.

5. As a result of the timing of when the City provided these edits, Plaintiff's counsel has not had a chance to consult with Plaintiff Sweeney about these edits – although Plaintiff's counsel has sent the edits to Ms. Sweeney who responded by email that she is out of town and will not return until Friday -- and Plaintiff's counsel has only preliminarily reviewed the proposed edits. Based on that preliminary review, Plaintiff's counsel considers the edits to be both substantial and substantive. Based on that review, Plaintiff's counsel believes that the edits significantly modify terms previously agreed upon at the June 23, 2026 and July 10, 2026 settlement conferences and that some are contrary to the terms in the settlement term sheet.

6. As the City's proposed edits to this Settlement Agreement were sent the evening before this status report was due, Plaintiff's counsel has not had an opportunity to discuss with Plaintiff Sweeney regarding her options regarding these edits, but expects that before the Case Management Conference on August 18, 2026 to discuss with her and be prepared to discuss with the Court how to proceed including whether an additional settlement conference with Judge Kang (and all necessary City "stakeholders" including a representative from the San Francisco Employees' Retirement System, be required to attend) or whether Plaintiff intends to file a motion to enforce the terms of the July 10, 2026 settlement agreement.

7. Plaintiff's counsel does not believe that the CMC should be postponed.

**Defendant's Statement**

8. For the following reasons, <u>the City requests that the Court</u>:

a. maintain the current stay on litigation;

b. set a deadline for Plaintiff to respond to the draft settlement agreement sent by the City;

c. require that the Parties, including Plaintiff herself, meet and confer via remote teleconference to discuss any remaining issues in the draft agreement; and

d. continue the case management conference until after that meeting has occurred.

9. The Parties have endeavored since December 2025 to commit the terms of the 2022 Settlement Term Sheet to a final agreement. Those months were punctuated by long delays by both Plaintiff and the City both sides, as well as an inability to reach consensus on both substantive terms and language.

10. At the MSC on July 10, 2026, the Parties engaged in a productive joint session with counsel for both parties and Plaintiff herself personally present. At the end of that MSC, the parties finally reached agreement on all substantive terms, and prepared a draft agreement.

11. After the MSC, numerous City stakeholders raised concerns about language in the draft agreement that was ambiguous or violated the City's obligations under the California Constitution and the City Charter. Between July 13 and August 10, 2026, the draft agreement was reviewed and revised by senior leaders in the City Attorney's Office, including those overseeing the Labor, Tax, and

Retirement Teams. Those revisions were compiled into a new draft that was sent to Plaintiff's counsel on August 10, 2026.

12. While the new draft revises the language in the July 10 draft, it <u>does not alter any of the substantive agreements</u> reached at the MSC. It does not change any dollar amounts to be paid to Plaintiff Sweeney, or the deadlines for such payment. It preserves the agreed-upon mechanism for allowing Plaintiff to recoup pension credits. It maintains the dates of Plaintiff's reinstatement and separation negotiated at the MSC. And it preserves all other assurances and promises to Plaintiff contained in the July 10 draft. The terms of settlement are also far more generous than those in the 2022 Settlement Term Sheet, particularly with respect to Plaintiff's wages and pension service credits.

13. As Plaintiff has not yet had an opportunity to review these edits or provide her comments, the City requests that the Court maintain its stay on litigation for at least 45 days and order Plaintiff to provide her responses within 30 days. The City also requests that the Court order all parties, including Plaintiff herself, to meet and confer via remote teleconference to resolve any lingering disputes, as such a meeting proved fruitful and productive at the July 10 MSC. If the Parties are unable to reach an agreement at that time, the City will not object to lifting the stay, and will file a motion to enforce the 2022 Settlement Term Sheet.

Dated: August 11, 2026

Respectfully submitted,

*/s/ R. Joseph Barton*
R. Joseph Barton (Cal. Bar No. 212340)
THE BARTON FIRM LLP
1633 Connecticut Avenue NW, Suite 200
Washington DC 20009
Telephone: (202) 734-7046
Email: jbarton@thebartonfirm.com

Attorney for Plaintiff Sweeney

*/s/ Matthew K. Yan* (signed with permission)
DAVID CHIU, State Bar #189542
City Attorney
CECILIA A. MANGOBA, State Bar #169007
Chief Labor Attorney
MATTHEW K. YAN, State Bar #257918
JONATHAN C. ROLNICK, State Bar # 151814
Deputy City Attorneys
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3959
Telephone: (415) 554-4208
E-Mail: matthew.yan@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, and SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY

## CERTIFICATE OF SERVICE

I, Ming Siegel, hereby certify that on August 11, 2026, I electronically filed the foregoing Joint Status Report by Plaintiff Beverly Sweeney and the City and County of San Francisco using the CM/ECF system, which sent notification of such filing to all counsel of record in this case.

*/s/ Ming Siegel*
Ming Siegel